UNITED STATES of America, Plaintiff,

v.

Cesar AYALA and Jesus Godoy, Defendant.

No. 87–884–CR.

United States District Court, S.D. Florida.

June 3, 1988.

Chris McAliley, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Robert Boan, Miami, Fla., for defendant.

## ORDER DENYING
## WITHDRAWAL OF PLEA

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendant Ayala's Motion to Withdraw Plea, filed May 19, 1988. Defendant Ayala raises several grounds in support of his conclusion that the plea was not entered into knowingly and voluntarily.

█ A defendant has the burden of showing a "fair and just reason" for withdrawal of his plea. *U.S. v. Lombardozzi*, 436 F.2d 878 (2d Cir.1971); Fed.R.Crim.P. 32(d). In making this determination, a district court considers (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntarily; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant is allowed to withdraw his plea. *U.S. v. Buckles*, 843 F.2d 469, 472 (11th Cir.1988) (citations omitted).

Initially, the Court notes that defendant Ayala was represented by counsel throughout the plea bargaining process and subsequent plea colloquy with the Court. Thus, Ayala cannot complain of coercion where his attorney employed his best professional judgment in recommending a plea of guilty. *Id.* at 472–73.

█ First, Ayala contends that he did not understand the sentence range applicable in his case in light of his acceptance of responsibility and any recommendation that would be made to the Court. By his own admission, Ayala recognizes that a recommendation is not binding and sentencing lies in the ultimate discretion of the Court. Consequently, on this basis Ayala can not argue that the guilty plea was entered into involuntarily and it cannot be withdrawn. *U.S. v. Griffin*, 816 F.2d 1 (D.C.Cir.1987). In addition, Ayala's assertion of innocence —a contention which he claims prevents him from accepting responsibility and thereby forecloses a more favorable sen-

tencing *recommendation* from the Government—is insufficient. Such a declaration can not negate his plea, *see Buckles* at 472–73, particularly when the Court informed Ayala of the maximum sentence he could receive prior to accepting his plea.[1] *See Baker v. U.S.*, 781 F.2d 85 (6th Cir. 1986). The plea is not involuntary merely because it was induced by a promise of a recommendation of a lenient sentence upon acceptance of responsibility. More importantly, Ayala's statements in open court that his plea is intelligent and voluntary[2] and not a product of coercion, carry a presumption of veracity, *U.S. v. Darling*, 766 F.2d 1095 (7th Cir.1985); *U.S. v. Gonzalez-Mercado*, 808 F.2d 796 (11th Cir.1987), and of constitutional adequacy, *Downs–Morgan v. U.S.*, 765 F.2d 1534 (11th Cir.1985), which he has not overcome.

▇▇▇ Second, Ayala suggests he was also "pressured" because the plea offer was extended only as a "package deal" to both co-defendants. Such "package deal" plea offers, however, are not per se impermissible. *U.S. v. Wheat*, 813 F.2d 1399 (9th Cir.1987). The plea offer in this case did not deprive him of an individual determination of guilt. *Id.* While Ayala's concern for his "good friend" (co-defendant Godoy) is understandable, the additional pressure on his decision to plead guilty

created by their relationship in no way implicates coerciveness on the part of the Government that would entitle Ayala to withdraw his plea. *See U.S. v. Sutton*, 794 F.2d 1415 (9th Cir.1986) (threat of prosecution of defendant's female companion and mother of his children insufficient to set guilty plea aside where companion was co-defendant).

▇▇▇ Third, Ayala contends that the Government's failure to disclose prior to its announcement in open court that a fingerprint analysis report on the contraband revealed only the fingerprints of co-defendant Godoy would constitute a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thus, Ayala argues that he did not have time to consider its implication prior to entering a plea of guilty. In its response, the Government asserts this contention to be disingenuous because Ayala's counsel was personally informed prior to the guilty plea of the results of the fingerprint analysis. This issue, however, does not require a resolution. A violation of *Brady* would not affect the consensual nature of the plea thereby impairing its validity. Assuming *arguendo* that the Government had not made its disclosure prior to the acceptance of the plea, neither Ayala or his counsel manifested a desire to withdraw or reconsider the plea[3],

---

1. The following explanation was provided to both defendants:

   The Court: * * * *

   So then, you are giving up your rights to a trial, and today I will enter a judgment of guilty, and pursuant to the sentencing guidelines, order a presentence investigation into your respective backgrounds.

   You must understand that, under this provision, the Court generally will follow the sentencing guidelines, but I am not bound such that I cannot go beyond the guidelines and sentence you to a sentence higher than the guidelines would accord and/or if there is some particular circumstance that is unusual or with the assistance of the prosecutor, sometimes below the guidelines.

   * * * * * *

   Record at 9.

2. The defendants were asked the following questions:

   THE COURT: Do you understand what you are charged with and what the maximum possible penalty is in this offense?

   DEFENDANT GODOY: Yes, I understand.
   DEFENDANT AYALA: Yes, sir.
   THE COURT: Mr. Godoy, has anybody threatened you or in any way forced you to enter into this plea?
   DEFENDANT GODOY: No, sir.
   THE COURT: Mr. Ayala, has anybody threatened you or forced you to enter into this plea?
   DEFENDANT AYALA: No, sir.
   Record at 11.

3. Before the conclusion of the plea colloquy, the Government established the following record:

   MS. MCALILEY: Judge, I have just one more thing. This doesn't relate to the plea, but I have no other record of it.

   Prior to the plea this morning, I did provide defense counsel with fingerprint reports, and it is my obligation to provide it, so I want the record to reflect that.

   It shows that the Defendant Godoy's fingerprints were found on a bag that had cocaine, but the Defendant Ayala's fingerprints were not found.

even after Ayala had been made more fully aware of the rights he was giving up during the Rule 11 plea colloquy. Ayala has not claimed ineffective assistance of counsel, and under these circumstances can not undermine the validity of the plea.

■ More importantly, Ayala's *Brady* claim is a nonjurisdictional challenge waived by the guilty plea. *See e.g., Hayle v. U.S.,* 815 F.2d 879 (2d Cir.1987) (plea of guilty waives all challenges to prosecution except those going to court's jurisdiction); *U.S. v. Taylor,* 814 F.2d 172, 174 (5th Cir. 1987) (same, thus claims of prosecutorial breach of pretrial agreement and vindictiveness, illegal pretrial detention, and failure of court to rule on motions must fail); *U.S. v. Fairchild,* 803 F.2d 1121 (11th Cir. 1986) (same, thus claims of duplicitous and vague indictment, prosecutorial vindictiveness and insufficient factual basis to support indictment must fail). Ayala cannot attack the validity plea unless there exists a jurisdictional defect on the face of the indictment. *U.S. v. Baugh,* 787 F.2d 1131 (7th Cir.1986) (guilty plea does not waive challenge that indictment is constitutionally infirm on its face in violation of double jeopardy clause). He has pointed to no such infirmity in the indictment to which he plead guilty and the Court finds none.

■ Finally, Ayala argues that the plea agreement itself does not conform to his understanding of the nature of the agreement because it requires him to accept responsibility for the offense in order to receive a more lenient recommendation from the Government—a requirement he will not comply with because he continues to maintain his innocence. This argument is merely a variation of Ayala's first claim. The Court explained the charges to Ayala and he was given ample opportunity to discuss them with counsel. Defendant Ayala understood the terms of the plea agreement during the proceeding and stated his satisfaction with it. At no time did Ayala give any indication that he did not know what he was doing or that the waiver of his rights was not voluntary. Throughout the colloquy this Court queried defendant Ayala extensively as to his understanding of the nature and consequences of the plea and Ayala stated that no other promises had been made to him. These statements carry a strong presumption of truth, *U.S. v. Gonzalez–Mercado, supra,* and Ayala has failed to overcome that presumption. Significantly, neither defendant expressed dissatisfaction as to the terms of plea agreement as recited by the Government.[4]

In conclusion, the Court finds that defendant Ayala entered into his plea knowingly and voluntarily with the close assistance of counsel. "All pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Buckles* at

---

THE COURT: Okay.
Then we are in recess.
Record at 17–18.

4. The terms of the plea agreement were disclosed as follows:
THE COURT: Now then, has there been a plea agreement entered into in this matter?
MS. MCALILEY: Yes, Your Honor, and, if I may, I would like to recite the provisions.
The agreement is that both defendants are pleading guilty to Count I of the indictment. That is the substantive count which charges them with possession with intent to distribute cocaine, and that has the maximum penalties that you have just related, including the minimum of ten years in jail.
\* \* \* \* \* \*
In addition, the government will recommend to Your Honor that Your Honor credit them for acceptance of responsibility, as that is defined in the guidelines.

That recommendation is conditioned upon them being truthful and cooperative with the probation officers.
We *don't want a situation where we* recommend that, at the outset, and hear from probation they were not cooperative.
\* \* \* \* \* \*
MR. BOAN (counsel for Ayala): As to the agreement, that is correct. Mr. Ayala is not contesting the forfeiture of that, but he is acknowledging that the government is going to proceed to forfeit that.
\* \* \* \* \* \*
Record at 12.
Neither defendant objected to acceptance of responsibility as stated by the Government. Moreover, in this case, the acceptance of responsibility was conditional. If Ayala accepted responsibility, then he would receive credit for such action. If he declined, then no such credit would be factored into the determination of his sentence.

472, *citing Schnautz v. Beto,* 416 F.2d 214, 215 (5th Cir.1969). Ayala, however, has failed to demonstrate a "fair and just reason" for allowing the withdrawal of his plea. This Court is unable to conclude that to allow his plea to stand would result in manifest injustice. *U.S. v. Sawyer,* 799 F.2d 1494 (11th Cir.1986). Consequently, the remaining factors of *Buckles* need not be considered. *Id.* at 472 n. 3.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the defendant Ayala's Motion to Withdraw Plea is, in all respects, DENIED.