871 P.2d 841

Treveillian **HEARTFELT**, Petitioner–Appellant,

v.

**STATE of Idaho, Respondent.**

No. 20541.

Court of Appeals of Idaho.

March 24, 1994.

Roark, Rivers & Phillips, Kathleen E. Rivers, Hailey, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Treveillian Heartfelt appeals from the summary dismissal of his application for post-conviction relief. We are asked to decide whether Heartfelt's application alleged facts sufficient to entitle him to an evidentiary hearing on the voluntariness of his guilty pleas and on the propriety of the procedure at sentencing. For the reasons given below, we affirm.

**Facts and Procedural Background.**

Heartfelt was charged in two separate Blaine County cases with two counts of forgery and three counts of first degree burglary. Pursuant to an amended plea-bargain agreement, Heartfelt entered guilty pleas to one count of forgery and one count of first degree burglary. In exchange for Heartfelt's guilty pleas, the state agreed to dismiss the remaining charges against him and to recommend concurrent, unified sentences of seven years, with a two-year minimum period of confinement on each offense to which Heartfelt would plead guilty. After accepting Heartfelt's pleas as *Alford*[1] pleas, the district court on January 7, 1991, entered judgments convicting Heartfelt of forgery and burglary and imposing sentences in accordance with the agreed terms. No direct appeal was filed from those judgments.

Fifteen months later, in February of 1992, Heartfelt learned of an internal bank investi-

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

gation involving the check forgeries with which he had originally been charged. Although the bank's investigative report was kept in the prosecutor's files, it had never been disclosed to Heartfelt. In July, 1992, after he completed the two-year determinate portion of his sentence in confinement, Heartfelt filed an application for post-conviction relief seeking to have his pleas set aside on the ground that they were involuntary and hence invalid. In support of his application, he claimed, *inter alia*,[2] (1) that the bank's investigative report contained exculpatory information, and the prosecutor's failure to disclose it violated his right to due process and rendered his pleas unknowing and unintelligent; and (2) that his pleas had been coerced by assurances that he would be released on parole—not merely eligible for parole—after serving two years.[3] In the alternative, Heartfelt sought to have his sentences vacated on the ground that he had been denied an opportunity to examine and rebut the adverse information contained in his presentence report.

Upon a motion by the state, the district court entered an order summarily dismissing Heartfelt's application for relief. Appealing from that order, Heartfelt contends that the district court erred in refusing to hold an evidentiary hearing to determine the voluntariness of his pleas and to ascertain whether his rights at sentencing had been violated.

### Standard of Review.

An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Summary disposition under I.C. § 19–4906(c) is the procedural equivalent of summary judgment under I.R.C.P. 56. *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992); *Ramirez v. State*, 113 Idaho

87, 741 P.2d 374 (Ct.App.1987). Facts alleged in a verified complaint are deemed to be true for the purpose of determining whether an evidentiary hearing should be held. *Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975); *Ramirez*, 113 Idaho at 89, 741 P.2d at 376. However, an applicant's conclusory allegations need not be accepted. *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). Thus, the issue on appeal from the summary dismissal of an application for post-conviction relief is whether the application alleges facts which, if true, are sufficient to entitle the applicant to relief. *Id.*, at 280, 787 P.2d at 262; *Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). With these standards in mind, we turn to Heartfelt's post-conviction claims.

### A. Claims Challenging the Validity of the Guilty Pleas.

It is well settled that a valid plea of guilty, voluntarily and understandingly made by an accused person, who has been advised by competent counsel, may not be collaterally attacked on the ground that, as a factual matter, he is innocent of the charges. *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App. 1982). A valid guilty plea waives all nonjurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Still v. State*, 97 Idaho 375, 544 P.2d 1145 (1976). The inquiry in a post-conviction proceeding focuses on the competence of counsel's advice and the voluntariness of the plea. *Tollett*, 411 U.S. at 266, 93 S.Ct. at 1607–08. The standard for determining the voluntariness of a plea is whether the plea represents a knowing, voluntary and intelligent choice among

---

2. Heartfelt's application contained other allegations. However, those allegations which are not urged either in brief or oral argument and which are not supported by citations are not entitled to consideration on appeal from denial of post-conviction relief. *Walker v. State*, 92 Idaho 517, 446 P.2d 886 (1968). Accordingly, we will address only those allegations which Heartfelt has urged on appeal.

3. When Heartfelt was sentenced on January 7, 1991, he was granted 240 days credit for time served prior to sentencing. His application for post-conviction relief, filed July 21, 1992, while he remained incarcerated, was filed after he had completed the two-year determinate portion of his sentence.

the alternative courses of action open to the defendant. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968); *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976); *see also State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990).

In this case, Heartfelt does not take issue with the district judge's plea-taking procedure. *Compare Carrasco, supra*. Instead, he asserts that his pleas were rendered involuntary on the grounds that the prosecution's nondisclosure of exculpatory information[4] rendered his guilty pleas unintelligent, and that his pleas were coerced by false assurances that he would be released on parole after serving two years in confinement.

### 1. The nondisclosure of evidence.

■ Heartfelt's first argument is based on a line of cases including *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which discussed the prosecutor's constitutional duty to disclose evidence favorable to the accused. A prosecutor breaches this duty and violates the defendant's constitutional rights where the prosecutor fails to disclose evidence that is both favorable to the defendant and material to the defendant's case. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *State v. Horn*, 101 Idaho 192, 610 P.2d 551 (1980).[5] Evidence "favorable" to the defendant includes evidence which, if disclosed and used effectively, may make the difference between conviction and acquittal. *Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380; *State v. Avelar*, 124 Idaho 317, 859 P.2d 353 (Ct.App.1993).

We have found conflicting authority on the question whether a *Brady* violation may be raised to challenge the validity of a guilty plea which otherwise passes constitutional muster as knowing and intelligent. *See, e.g., White v. United States*, 858 F.2d 416 (8th Cir.1988), *cert. denied*, 489 U.S. 1029, 109

S.Ct. 1163, 103 L.Ed.2d 221 (1989) (collateral attack based on *Brady* claim not precluded, but habeas relief would be the rare exception); *Campbell v. Marshall*, 769 F.2d 314 (6th Cir.1985), *cert. denied*, 475 U.S. 1048, 106 S.Ct. 1268, 89 L.Ed.2d 576 (1986) (same); *United States v. Ayala*, 690 F.Supp. 1014 (S.D.Florida, 1988) (alleged *Brady* violation did not undermine validity of plea and was nonjurisdictional challenge waived by guilty plea); *Fambo v. Smith*, 433 F.Supp. 590 (W.D.N.Y.), *aff'd*, 565 F.2d 233 (2d Cir.1977) (*Brady* claim not precluded). While this Court has specifically held that a defendant who pleads guilty waives his right to disclosure of evidence by the prosecutor, *see Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App.1982), we have also indicated that a *Brady* violation which resulted in the denial of the defendant's right to counsel would render his guilty plea invalid. *See State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct.App. 1987). Moreover, the argument for recognizing a *Brady* claim would seem to be even stronger where, as in Heartfelt's case, the accused has entered an *Alford*-type plea, whereby he asserted his innocence, but based on the strength of the state's evidence against him, he chose to enter pleas of guilty. *Accord, White*, 858 F.2d at 421.

■ While we mention the possible merit of a post-conviction *Brady* claim challenging the voluntary and intelligent character of a guilty plea, we need not decide that question today. As we explain below, the information allegedly withheld by the prosecutor was not exculpatory, and hence Heartfelt had no right under *Brady* to its disclosure.

Heartfelt maintains that the information contained in the bank report "goes to the heart of the state's ability to prove the forgery case," and hence was favorable evidence material to his defense. However, a review of the report, excerpts of which are appended to the application for post-conviction relief,

---

4. Although not apparent from the record, we will assume for the purpose of our analysis that the prosecutor had possession of the bank information before Heartfelt entered his guilty pleas.

5. In *Bagley*, the United States Supreme Court recognized that the government's failure to dis-

close favorable evidence not only deprives the defense of that evidence, but may also have the effect of representing to the accused that the evidence does not exist. 473 U.S. at 682, 105 S.Ct. at 3383–84.

makes clear that the bank's investigation was merely an internal examination describing how the failure of its employees to follow bank check-cashing policies allowed the bank to suffer losses at the hands of a check forger. The report tracks the internal banking process by which ten evidently forged checks had been paid or processed and exposes several irregularities in the handling of those checks by bank personnel. Heartfelt has not explained, nor can we discern from the report,[6] how any of the report's information rebuts or impeaches the state's evidence against him. This evidence indicates that checks belonging to a depositor with the bank were forged and passed to a third party. The forgeries did not involve checks belonging to the bank, i.e., the bank was not the "victim" in this case. Consequently, relaxed procedures on the part of the bank certainly would provide no defense to the forgeries alleged in this case.

Because Heartfelt has failed to show the exculpatory nature of the information allegedly concealed by the prosecutor, he cannot establish a right to its disclosure before pleading guilty. Absent a right to the information, Heartfelt cannot succeed on his claims that withholding the information violated due process or invalidated his guilty pleas.[7] Dismissal of his *Brady* claim therefore was proper.

### 2. The coercive representations concerning parole.

■ Heartfelt also asserts he was entitled to a hearing to determine whether his pleas had been coerced. In his application, Heartfelt alleged that he had received assurances from his attorney and the prosecutor that he would be released on parole after serving the determinate two-year portion of his sentence, but that even after two years, he is still confined. On appeal, Heartfelt contends that these allegations, if proved, would establish that he had entered his pleas without fully understanding the consequences of doing so, and thus were sufficient to state a claim of involuntariness. However, nowhere in his application or its accompanying affidavit has Heartfelt attempted to identify what *pre*-plea misstatements or misrepresentations he had supposedly relied upon in choosing to plead guilty.[8] Rather, the factual basis for his claim seems to rest on post-sentencing correspondence by his counsel. In the absence of the requisite factual allegations, Heartfelt's otherwise conclusory assertion of coercion was appropriately dismissed.

### B. Claim Challenging the Sentencing Procedure.

■ In an evident attempt to have his sentences vacated, Heartfelt also alleged he had been denied an adequate opportunity to rebut the adverse evidence contained in his presentence report. He contends on appeal that the district court erred in refusing to hold an evidentiary hearing on the matter. We disagree.

An application for post-conviction relief is not a substitute for proceedings in the trial court, or for an appeal from the sentence or conviction. I.C. § 19–4901(b).

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the

---

6. Heartfelt has not indicated which of the ten checks identified in the bank's report relate to the two forgery counts with which Heartfelt was charged.

7. Heartfelt also complained of nondisclosure of a handwriting analysis that had been inconclusive regarding the identity of the forger, and of nondisclosure of a letter from the victim indicating her belief that Heartfelt was innocent of the forgeries. However, the record shows that the handwriting analysis was known to Heartfelt and

the district court prior to the entry of the guilty pleas, and the victim's letter was appended to the presentence report. Neither of these items were newly discovered evidence nor are they, in fact, exculpatory.

8. We note, moreover, that this allegation is contradicted by the record, which shows Heartfelt was repeatedly informed he would receive a unified sentence of seven years, and that the *minimum* term of confinement would be two years.

exercise of due diligence, have been presented earlier.

*Id.*

The denial of an opportunity to review the presentence report is an issue which, if properly preserved, could have been raised on direct appeal. *See, e.g., Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). Accordingly, Heartfelt is precluded from raising the issue by way of a post-conviction proceeding. The district court's dismissal of this claim therefore was proper.

### Conclusion

We conclude that Heartfelt failed to allege sufficient facts to show he was entitled to the post-conviction relief sought. The district court's order summarily dismissing his application is therefore affirmed.

LANSING and PERRY, JJ., concur.