935 P.2d 174

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Javier AYALA, Defendant–Appellant.**

**Javier AYALA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 22186, 22050.

Court of Appeals of Idaho.

Dec. 31, 1996.

Rehearing Denied Feb. 24, 1997.

Petition for Review Denied, April 24, 1997.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

In this consolidated appeal, Javier Ayala seeks relief on his post-conviction claims, which were denied by the district court, and relief from errors allegedly committed during his criminal trial. For the reasons explained below, we affirm the judgment of conviction and the denial of post-conviction relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ayala was arrested on February 27, 1993, for possession of a controlled substance with intent to deliver when approximately one ounce (25.2 grams) of methamphetamine was seized from the car that he had been driving and that he had parked at a friend's house in Caldwell, Idaho. The drugs were discovered by the police in plain view in the vehicle while the police were executing a search

warrant at the residence. When he was asked by Officer Deulen who the drugs in the car belonged to, Ayala replied "It's mine." At the time the drugs were discovered, the car was parked within 1000 feet of the Van Buren elementary school in Caldwell. A jury found Ayala guilty of possession of a controlled substance with intent to deliver, pursuant to I.C. § 37–2732(a)(1)(A). Immediately thereafter, in a bench trial, the court found as a sentencing aggravation factor under I.C. § 37–2739B(b)(2) that Ayala's offense was committed within 1000 feet of a school. For the substantive charge, the district court sentenced Ayala to a unified term of five years, with a minimum fixed term of sixty days to be followed by an indeterminate term of four years and ten months. The district court then imposed a consecutive, minimum fixed term of five years, because of its finding of the aggravating factor enumerated in I.C. § 37–2739B(b)(2).

Ayala filed a direct appeal from the judgment of conviction and sentence. He also filed an appeal from the subsequent denial of an I.C.R. 35 motion. Both of those appeals, however, were dismissed upon appellate counsel's failure to timely submit an appellant's brief.[1] This conduct, asserted Ayala in his application for post-conviction relief filed on November 29, 1994, constituted ineffective assistance of counsel. Ayala also asserted other claims, including allegations of ineffective assistance of counsel regarding the representation he had received at trial.

The district court denied all of Ayala's post-conviction claims on February 28, 1995, except for the claim that Ayala had been denied the effective assistance of counsel on appeal. After an evidentiary hearing on the issue, the district court concluded that appellate counsel was ineffective and that Ayala

was entitled to post-conviction relief. Ayala's judgment of conviction was entered anew to give Ayala the right to appeal from his conviction.[2] Ayala duly appealed from the denial of his post-conviction claims and from the judgment of conviction.

## II. DISCUSSION

### A. Ineffective Assistance Claims

To prevail on an ineffective assistance of counsel claim, the applicant must show that the attorney's performance was deficient and that the applicant was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

### B. Post-conviction Claims

Ayala asserts that he is entitled to a reversal of his conviction due to ineffective assistance of his trial counsel. He argues that his post-conviction claims, alleging that counsel (a) failed to file a pretrial motion to suppress and (b) failed, at sentencing, to challenge the imposition of a fixed minimum term under I.C. § 37–2739B on the basis of the statute's

---

1. The direct appeal, # 20842, and the appeal from the denial of the Rule 35 motion, # 21193, were consolidated on April 11, 1994. Prior to the order dismissing the consolidated appeals for failure to file an appellant's brief, the record and transcripts had been prepared. In another appeal filed pro se by Ayala, # 21811, the Supreme Court took judicial notice of # 20842 and # 22193. For purposes of the appeal which is currently before this Court, the record has been augmented by the record of # 21811, including the record from # 20842 and # 21193.

2. In its order granting Ayala an appeal, the district court found that "Ayala did communicate his desire to appeal to his counsel and that the right to appeal was lost through failure of Ayala's attorney to file a brief." We read this language to allow not only for a direct appeal from the judgment of conviction but also an appeal from the I.C.R. 35 motion, where counsel's failure to file a brief resulted in the dismissal of both of those appeals after they were consolidated.

unconstitutionality, should not have been denied by the district court without a hearing.

The issue on appeal from the summary dismissal of an application for post-conviction relief is whether the application alleges facts which, if true, are sufficient to entitle the applicant to relief. *Heartfelt v. State*, 125 Idaho 424, 871 P.2d 841 (Ct.App. 1994). The reviewing court examines the entire record and construes all factual allegations contained in the application in favor of the applicant to determine if a genuine issue of material fact exists which, if resolved in the applicant's favor, would entitle him to the requested relief. *Dunlap v. State*, 126 Idaho 901, 894 P.2d 134 (Ct.App.1995). Although the applicant's uncontroverted factual allegations are assumed to be true, we do not give evidentiary value to mere conclusory allegations that are unsupported by admissible evidence. *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App. 1994). The application is subject to dismissal under I.C. § 19–4906 unless it presents, or is accompanied by, admissible evidence supporting the allegations. *Medrano v. State*, 127 Idaho 639, 903 P.2d 1336 (Ct.App.1995).

First, Ayala alleged that he would have prevailed upon the merits of an I.C.R. 12 motion to suppress the evidence obtained in the search of the car he had parked at his friend's residence. However, nowhere in his application or supporting affidavits did Ayala present evidence to establish how the search was unreasonable, or otherwise illegal, so as to justify suppression of the evidence derived therefrom. On appeal, Ayala has made a detailed argument that the vehicle search was unlawful based upon the testimony of witnesses at the preliminary hearing and trial. However, none of this evidence or argument was presented to the district court. Without the required factual support, the district court could not reasonably consider the probability of success of the motion in question in determining whether the attorney's failure to file the motion constituted incompetent performance. *See Huck v. State*, 124 Idaho 155, 159, 857 P.2d 634, 638 (Ct.App.1993). Furthermore, bare or conclusory allegations, unsubstantiated by any fact,

are inadequate to entitle an applicant to an evidentiary hearing. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct.App.1988). We therefore uphold the district court's decision to deny relief on the claim of ineffective assistance with respect to the suppression issue.

Next, Ayala claimed that his counsel should have objected to the minimum fixed term of five years imposed by the district court upon its finding that Ayala committed a drug offense within 1000 feet of a school. Ayala asserted that the sentence was imposed without notice in violation of his due process rights and pursuant to a statute, I.C. § 37–2739B, which he argued was unconstitutional. These same claims had been decided adversely by the district court on Ayala's I.C.R. 35 motion, and as such could not properly be the basis for the relief under the Post-conviction Procedure Act. I.C. § 19–4901(b); *Lake v. State*, 126 Idaho 333, 882 P.2d 988 (Ct.App.1994).

In sum, Ayala's allegations failed to frame a genuine issue of material fact. Therefore, summary dismissal of his post-conviction application, as authorized by I.C. § 19–4906(b), was appropriate. The additional claims that Ayala tried to raise through a motion to reconsider were never noticed for hearing and, consequently, were not ruled on by the district court in order to bring those claims within the scope of our review. *See State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993).

**C. Direct Appeal Claims**

Ayala raises several issues on direct appeal that may be addressed summarily. *Rindlisbaker v. Wilson*, 95 Idaho 752, 755, 519 P.2d 421, 424 (1974); *Benson v. Brady*, 73 Idaho 553, 255 P.2d 710 (1953). For instance, Ayala asserts he was denied a fair trial by counsel's failure (a) to investigate and discover witnesses; (b) to obtain police reports and transcripts of related proceedings which could have been used to impeach witnesses; (c) to subpoena officer Smith as a hostile witness; and (d) to research the applicable law. From our review of the trial proceedings, however, we find no support in the

record for any of these claims. Accordingly, they need not be discussed further.

■ Next, Ayala claims that his rights were impaired when his attorney failed to request a presentence investigation report (PSI). In this regard, the record shows that the subject of whether a PSI should be prepared was discussed in open court by the district judge with Ayala and his counsel. It was represented to the court that Ayala had but one prior conviction. The judge also divulged the sentence he expected to impose. The court revealed its conclusion that it was obligated to impose a mandatory determinate sentence of five years, to be served consecutively to the minimum period of confinement pronounced on a unified sentence for possession of a controlled substance with intent to deliver within the specified proximity to a school, under I.C. § 37–2739B. The court also noted that although probation was not to be granted in light of Ayala's apparent prior record and the nature of the crime upon which Ayala was about to be sentenced, the court was inclined not to order a very lengthy sentence, and it thus appeared that the time required for the preparation of a PSI would simply create an unnecessary delay. The court decided to proceed with sentencing without a PSI. In light of the circumstances considered by the district court when reaching its conclusion, it is understandable why Ayala's counsel did not insist upon the preparation of a presentence investigation report. Counsel's failure to request the preparation of the report did not constitute ineffective assistance.

## D. Trial Errors

### 1. Motion to suppress

Ayala next argues that the district court erred in denying the motion to suppress which was made orally by his counsel at the end of the trial. In the motion, Ayala argued that the search of the car was not within the scope of the warrant to search the house, making the seizure of the methamphetamine from the car unlawful under the Fourth Amendment. Having heard all of the evidence, the district court found that after questioning Ayala's girlfriend who was in the car, officer Smith had probable cause to believe drugs were in the vehicle, justifying a search. Further, the district court gave more credibility to the officer's testimony which indicated that "plain view" of the contraband authorized the seizure. The district court was unable to determine the scope of the warrant, which it had never seen; however, the district court denied Ayala's motion.

When reviewing a motion to suppress, we defer to the lower court's findings of fact unless they are clearly erroneous. *State v. Weber*, 116 Idaho 449, 776 P.2d 458 (1989), *citing State v. Heinen*, 114 Idaho 656, 759 P.2d 947 (Ct.App.1988). We can discern from the record that the district court had a substantial basis for determining that there was probable cause to search the car and that the drugs were in plain view. Accordingly, we uphold the district court's denial of Ayala's suppression motion.

### 2. Sentence enhancement

Ayala raises three challenges to the fixed five-year sentence enhancement he received pursuant to I.C. § 37–2739B. According to I.C. § 37–2739B(c), any enhancement imposed would be served consecutively to the minimum term of confinement received on the substantive offense,[3] which in this case was a period of sixty days. Thus, Ayala must serve a minimum term of confinement of five years and sixty days before any indeterminate portion of his unified sentence commences to run. *See* I.C. § 19–2513.

---

3. Idaho Code § 37–2739B(c) provides:

(c) The fixed minimum terms provided in this section may be imposed where the aggravating factors are separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime; provided, however, that the prosecutor shall give notice to the defendant of intent to seek a fixed penalty at least fourteen (14) days prior to trial.

During a fixed minimum term of confinement imposed under this section, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service. *Each fixed minimum term imposed shall be served ... consecutively to any minimum term of confinement imposed for the substantive offense.* (Emphasis added.)

Stated in another way, because the five-year fixed term must be served consecutively to the sixty-day minimum term of confinement ordered on the substantive offense, the indeterminate portion of Ayala's sentence will be delayed until after Ayala has served the minimum period of confinement of five years and sixty days. The net effect is that Ayala received a unified sentence of ten years with a minimum period of confinement of sixty-two months.

Ayala contends that he received insufficient notice of the state's intent to seek an additional sentence for possession of a controlled substance within 1000 feet of a school. He submits that, because he was unskilled in the law, Part II of the information which charged him with a violation of I.C. § 37–2739B was not adequate notice to satisfy his due process rights.

█ The fixed minimum sentence provided for by I.C. § 37–2739B in drug cases where certain aggravating factors are found has been described as an enhanced penalty. *State v. Killinger*, 126 Idaho 737, 738, 890 P.2d 323, 324 (1995). Pursuant to I.C. § 37–2739B(c), the aggravating factors are to be separately charged in the information or indictment, as was done in Ayala's case, provided the prosecutor gives notice of its intent to seek a fixed penalty at least fourteen days before trial. The information which was filed on March 11, 1993, served notice to Ayala of the prosecutor's intent to seek a fixed penalty well in advance of trial and within the statutory time frame. *See e.g., State v. Campbell*, 114 Idaho 367, 757 P.2d 230 (Ct. App.1988) (persistent violator) and *State v. Osborn*, 102 Idaho 405, 631 P.2d 187 (1981) (death penalty). The minutes of Ayala's arraignment on March 19, 1993, demonstrate that he appeared in district court with his attorney and was advised by the court that he was charged with possession of a controlled substance, methamphetamine, and of the possible maximum penalties of a life sentence and $25,000 fine. The minutes further indicate that Ayala was advised of the penalty of five years fixed, consecutive to the fixed sentence on part I, if convicted on part II of the information which alleged the enhancement charge of committing the offense within

1000 feet of a school. Finally, the minutes reflect that Ayala evidently understood what he was charged with, and the maximum possible penalties that could be imposed; that he waived a formal reading of the information; waived the statutory time before entering a plea; and entered a plea of not guilty. The case was then scheduled for the trial eventually held on August 9 and 10, 1993. We conclude that Ayala received all the notice which was due him.

Next, Ayala argues that the five-year enhancement cannot stand because there was a failure of proof of a required element of I.C. § 37–2739B(b)(2). Ayala argues that in order to conclude that Ayala committed a drug offense within 1000 feet of a school, the district court was required to find that the school was indeed in use as a school at the time of Ayala's offense. Because his arrest occurred on a Saturday and the state put on no evidence to show the school was in use on that day, Ayala submits that the state did not meet its burden to prove this element.

We believe Ayala misreads the statute under which he was charged. The relevant portion of I.C. § 37–2739B(b)(2) with respect to the aggravating factors for a sentence enhancement provides:

> That the violation occurred on or within one thousand (1,000) feet of the property of any public or private primary or secondary school, or in those portions of any building, park, stadium or other structure or grounds which were, at the time of the violation, being used for an activity sponsored by or through such a school.

It is a basic rule of statutory construction that, unless the result is palpably absurd, we must assume that the legislature meant what is clearly stated in the statute. *Miller v. State*, 110 Idaho 298, 715 P.2d 968 (1986). When analyzing the application of a statute, the words of the statute must be given their plain, usual and ordinary meaning. *Walker v. Hensley Trucking*, 107 Idaho 572, 691 P.2d 1187 (1984). The clearly expressed intent of the legislature must be given effect and there is no occasion for construction where the language of the statute is unambiguous. *Ottesen ex rel. Edwards v. Board of Comm'rs*

*of Madison County,* 107 Idaho 1099, 695 P.2d 1238 (1985).

It is evident that I.C. § 37–2739B(b)(2) creates liability from two perspectives: (1) where the offense occurs on or within 1000 feet of a primary or secondary school; and (2) where the offense occurs *in the portion of* a building, park, stadium or other structure or grounds *which was, at the time of the violation, being used for an activity sponsored by* a primary or secondary school. The information filed against Ayala did not charge that the violation occurred "in those portions of any building, park, stadium or other structure or grounds which were, at the time of the violation, being used for an activity sponsored by or through such a school." Instead, the information charged that Ayala possessed a controlled substance with intent to deliver "within 1000 feet of any public or private primary or secondary school, to-wit: Van Buren Elementary School at 1109 Denver Street, Caldwell, Canyon County, Idaho." Accordingly, there was no need for the state to produce any evidence with respect to the school property other than as to its location and the distance between that location and where Ayala possessed the controlled substance. Giving the statutory language its plain and literal reading, *State v. Shama Resources Ltd. Partnership,* 127 Idaho 267, 899 P.2d 977 (1995), we conclude that the state was not required to prove that the school was "in use" when Ayala possessed the controlled substance with the intent to deliver, within 1000 feet of the school.

Ayala's argument may also be an implicit challenge to the sufficiency of the evidence to support the district court's conclusion that Ayala had committed a drug offense within 1000 feet of the school. We also note that the district court made this determination because Ayala waived a jury trial on the enhancement charge. Where there is substantial evidence to support a verdict, it will not be disturbed on appeal. *State v. Clayton,* 101 Idaho 15, 607 P.2d 1069 (1980). As evidence to prove the offense, officer Deulen testified as to measurements he had taken from the alley behind the house, where the car containing the methamphetamine was lo-

cated, to the property of Van Buren elementary school. Officer Deulen's measurements showed that the offense was committed within the 1000–foot distance set forth in the statute. The district court correctly held that Ayala had violated I.C. § 37–2739B(b)(2), subjecting him to a penalty enhancement.

Ayala finally asserts that the district court incorrectly perceived its sentencing authority with regard to I.C. § 37–2739B. Ayala contends that the district court did not understand that its decision to impose a fixed minimum sentence was discretionary, not mandatory. Because the language in the statute uses the word "may" rather than "shall," Ayala asserts that the fixed portion of the enhancement authorized by this statute is not mandatory.

Ayala was found guilty of possession of 25.2 grams of methamphetamine within 1000 feet of a school. For the substantive offense, I.C. § 37–2732(a)(1)(A) authorized a penalty of imprisonment for a term of years not to exceed life imprisonment. Under I.C. § 37–2739B, the fixed minimum sentencing was enacted to afford better protection to our citizens from those who traffic in controlled substances. According to the statute, the fixed minimum term for each of the aggravating factors "shall be at least five years and may extend to life." Further, the statute reads: "By enacting the fixed minimum sentences, the legislature does not seek to limit a court's power to impose a greater sentence pursuant to section 19–2513, Idaho Code."

The district court concluded that I.C. § 37–2739B declared the legislature's intent to provide a fixed minimum term of confinement of five years over and above the sentence imposed for the substantive offense. The district court then advised the parties "that it would not be [the court's] intent to fix any portion much greater than the five years," on the substantive charge and, after counsel had made their respective recommendations, imposed a unified sentence of five years, with a minimum fixed term of sixty days. We hold that the district court correctly perceived the mandatory nature of the fixed minimum sentence prescribed by

I.C. § 37–2739B and the bounds of its sentencing discretion in that regard. We affirm the fixed minimum sentence of five years imposed by the district court to be served consecutively to the minimum term of confinement of sixty days imposed for the substantive offense.

### E. Double Jeopardy Claims

Ayala asserts that he suffered a violation of his constitutional and statutory double jeopardy protections. He acknowledges that the double jeopardy issues were not raised below, allegedly due to his trial counsel's ineffectiveness; however, he claims that the issues are nevertheless reviewable on appeal because they constitute fundamental error.

> Review of these claims would be proper upon a determination of fundamental error.
>
> Under this doctrine, Idaho appellate courts will examine a claim that the lower court erred, regardless of the appellant's failure to object or to present the issue below, if it is shown that the error so profoundly affected the appellant's substantial rights that he was denied his due process right to a fair trial. *State v. Haggard,* 94 Idaho 249, 486 P.2d 260 (1971). The error must go to the foundation of the case or take from the defendant an essential right which no court would permit him to waive. *State v. Bingham,* 116 Idaho 415, 776 P.2d 424 (1989) [, *overruled on other grounds recognized by State v. Pizzuto,* 119 Idaho 742, 775, 810 P.2d 680, 713 (1991) ].

*Standards of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 4.5.1 (Idaho Law Foundation, Inc. 1996). *See also State v. Sarabia,* 125 Idaho 815, 875 P.2d 227 (1994). We conclude, following review, that Ayala's claims reveal no error and, for the reasons stated below, provide no grounds for overturning his conviction.

■ Ayala contends that his conviction for possession of a controlled substance with intent to deliver is barred by the doctrine of double jeopardy due to the prior civil forfeiture of his property in an action brought under I.C. § 37–2744. The United States Supreme Court recently held that civil forfeitures in general, and specifically in cases involving drug statutes, do not constitute "punishment" for purposes of the Double Jeopardy Clause. *United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). *See also State v. Ross,* Idaho , 924 P.2d 1224 (1996). Accordingly, there was no double jeopardy under the Fifth Amendment. Because Ayala makes no distinct argument for broader protections under the Idaho Constitution, we will not consider Ayala's state constitutional claim. *Ross, citing State v. Wheaton,* 121 Idaho 404, 406–07, 825 P.2d 501, 503–04 (1992).

■ Ayala's next contention is that possession with intent to deliver a controlled substance, I.C. § 37–2732(a)(1)(A), is a lesser included offense of possession of a controlled substance with intent to deliver within 1000 feet of a school, which is proscribed by I.C. § 37–2739B. Relying on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Ayala asserts that because he was convicted of both charges, he suffered multiple punishments for the same offense, in violation of double jeopardy protections.

The "same offense" test of *Blockburger,* however, was later limited by the Supreme Court, at least in instances when all the charges against a criminal defendant are combined in a single trial, to being only a tool of statutory construction. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

> Simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent.

*Hunter,* 459 U.S. at 368, 103 S.Ct. at 679. Applying this limited role of *Blockburger* to Ayala's case, then, even if there were two offenses as claimed by Ayala, the two offenses might be the "same" under *Block-*

*burger,* and the federal constitution allows cumulative punishment where the Idaho legislature indicated that it wished cumulative punishment for I.C. § 37–2732(a)(1)(A) and I.C. § 37–2739B. Unlike the statute at issue in *United States v. Freyre–Lazaro,* 3 F.3d 1496 (11th Cir.1993), which is cited by Ayala, the intent of the Idaho legislature in enacting I.C. § 37–2739B clearly was to provide for an enhanced minimum term of confinement as a penalty upon the commission of drug offenses within 1000 feet of schools. Ayala's claim of double punishment must fail.

 Similarly, Ayala's claim that his conviction offends I.C. § 19–1719 is unavailing. This statute, which bars another prosecution for the offense charged on which the defendant was previously convicted or acquitted, deals with former jeopardy. Because Ayala was charged with a single crime but subject to an enhanced penalty, I.C. § 19–1719 is not applicable in this case.

Finally, Ayala invokes I.C. § 18–301 in support of his contention that, having been convicted of violating I.C. § 37–2732(a)(1)(A) and I.C § 37–2739B, he is being twice punished for the same act. Ayala argues that the double jeopardy protections of I.C. § 18–301 (repealed 1995), which continued in force at the time of Ayala's offense and conviction, prohibited double punishment where a single act resulted in the commission of two or more crimes.

We analogize Ayala's conviction for the substantive offense and the enhancement for commission of a drug crime within 1000 feet of a school to the conviction for aggravated assault and the firearm enhancement statute at issue in *State v. Metzgar,* 109 Idaho 732, 710 P.2d 642 (Ct.App.1985). We hold that any conflict between I.C. § 18–301 and I.C. § 32–2739B must be resolved in favor of the more recent, special statute, I.C. § 37–2739B. *See id.*; *State v. Cootz,* 110 Idaho 807, 816, 718 P.2d 1245, 1254 (Ct.App.1986). We conclude that I.C. § 18–301 does not provide Ayala any relief from his conviction.

## III. CONCLUSION

The district court properly admitted the methamphetamine as evidence upon the deni-

al of Ayala's motion to suppress. The district court did not err in imposing a mandatory minimum fixed term of five years under I.C. § 37–2739B, as the sentence followed the notice prescribed in the statute and the presentation of the required proof. Finally, Ayala's conviction for possession of a controlled substance with intent to deliver and for committing the drug offense within 1000 feet of a school do not violate principles of double jeopardy.

We affirm the judgment of conviction and the order on Ayala's application for postconviction relief.

LANSING and PERRY, JJ., concur.