281 P.2d 478

**FILER MUTUAL TELEPHONE COMPANY, Plaintiff,**

v.

**IDAHO STATE TAX COMMISSION, Defendant.**

No. 8224.

Supreme Court of Idaho.

March 16, 1955.

Rehearing Denied April 8, 1955.

Tom F. Alworth, Filer, for plaintiff.

258

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., for defendant.

ANDERSON, Justice.

This matter is before us on a writ of review to test legality of an assessment made on plaintiff's property by defendant.

The facts have been stipulated by the parties and only questions of law are involved.

Plaintiff now is and has been for several years a mutual nonprofit corporation organized under the laws of the State of Idaho, with its principal place of business at Filer, Twin Falls County, Idaho. It has owned and operated, for many years, telephone lines and a complete and integrated telephone communication system in and around Filer, consisting of switchboards, subscribers' lines, station equipment, pole lines, cables and other property and equipment used and useful in the operation and maintenance of said system. It

has approximately 800 subscribers, each of whom is a member of plaintiff corporation, paying an advance membership charge, or fee, of $50 either in a lump sum or at a rate of 25¢ per month, at the subscriber's option. Each member pays to plaintiff a monthly charge for exchange telephone service furnished or rendered by plaintiff, which charge is determined by plaintiff's board of directors at a rate sufficient to pay the cost of furnishing the service. Plaintiff has no facilities for long distance telephonic communication outside its exchange area, but has a connection with the facilities of the Mountain States Tel. & Tel. Company for this purpose and the charges made by plaintiff to its members for long distance tolls are the same charges made to plaintiff by said Company. All operating property of plaintiff, assessed by defendant, is owned by plaintiff and no part is directly owned by plaintiff's subscribers or members.

August 11, 1954, plaintiff appeared and protested to defendant Commission its proposed action to assess plaintiff's operating property, contending its property is exempt from taxation under the provisions of Section 63-105(15), I.C. The Commission denied the protest and plaintiff requests this Court to set aside and annul the assessment made by defendant, acting as a board of assessment, contending that said board has no authority or jurisdiction to assess plaintiff's property.

The question involved in this case is whether plaintiff is a nonprofit cooperative telephone line under Idaho law, so as to be exempt from taxation.

The powers and duties formerly had by the State Board of Equalization were transferred to the Idaho State Tax Commission by Section 63-512, Idaho Code, in 1945.

Section 63-105(15), Idaho Code, provides:

"The following property is exempt from taxation: * * *

"(15) Cooperative telephone lines from which no profit is derived or upon or over which no fees or tolls are charged or collected."

This law was first added to our statutes as Chapter 58, 1913 S.L., p. 173.

Plaintiff contends that it is a "telephone line" under Section 61-120, Idaho Code, which provides:

"The term 'telephone line' when used in this act includes all conduits, ducts, poles, wires, cables, instruments and appliances, and all other real estate, fixtures, and personal property owned, controlled, operated or managed in connection with or to facilitate communication by telephone, whether such communication is had with or without the use of transmission wires."

Section 61–120, I.C., was enacted by Chapter 61, 1913 Sessions Laws, page 248, § 2s, and has remained the same since then.

"The term 'line' has been defined as a wire connecting one telegraphic station with another, or the whole system of telegraph wires under one management and name. As applied to telegraph and telephone lines, the term has, however, both a popular and a technical meaning, and in a statute will be construed according to what appears to have been the intention of the legislature." Telegraph and Telephone Companies, by Jones, page 5, # 9.

Defendant contends that plaintiff is an operating public utility and its property taxable under Section 63–701, I.C., which provides:

"The operating property of all railroads, telegraph, telephone, electric current transmission lines and electric current transmission lines of rural electrification associations, and the franchises of all persons owning, or operating as lessees, or constructing any telegraph, telephone or electric current transmission line, or railroads, wholly or partly within this state shall be assessed for taxation for state, county, city, town, village, school district and other purposes, exclusively by the state tax commission."

Section 63–701, I.C., was enacted by Chapter 58, 1913 S.L., p. 173, Section 86, and has remained the same as far as it is applicable to this case.

Section 61–121, I.C., defines telephone corporation and does not, in terms, exclude a nonprofit cooperative association. This Section was enacted by Chapter 61, 1913 S.L., p. 248, Section 2t. The same legislature enacted Sections 30–1001 to 30–1005, I.C., providing for incorporation of nonprofit cooperative associations. Section 61–104, I.C., reads as follows:

"The term 'corporation' when used in this act includes a corporation, a company, an association and a joint stock association, but does not include a municipal corporation, or mutual nonprofit or cooperative gas, electrical, water or telephone corporation or any other public utility organized and operated for service at cost and not for profit, whether inside or outside the limits of incorporated cities, towns or villages.

"A corporation is for profit when its purpose is to make a profit on the business it does which in reason belongs to it and which, if its affairs are administered in good faith, will be available for dividends, whether dividends are intended to be declared or not. The profit must be something of a tangible or pecuniary nature, coming or belonging to the corporation as such, as distinct from its members or stockholders." Read v. Tide-

water Coal Exchange, Inc., 13 Del. Ch. 195, 116 A. 898, at page 904.

■ While the fact, that plaintiff has operated a great many years under the exemption statute, Section 63–105(15), I.C., does not of itself prove that plaintiff is entitled to the exemption, nevertheless, it may be considered in arriving at the intent of the Legislature in showing it apparently was satisfied with the operation of the statute which it passed in 1913.

"Chapter 340, Code 1939, provides that the state tax commission shall determine the actual value, for the purposes of taxation, of all electric transmission lines of companies, defined by Section 7089 as those owning or operating such lines within the state and wholly or partly outside cities and towns, 'except cooperative corporations or associations which are not organized or operated for profit.' Plaintiffs are clearly within the language of the exception." Greene County Rural Electric Cooperative v. Nelson, 234 Iowa 362, 12 N.W.2d 886, at page 888.

■ While plaintiff admitted making tolls and charges for the services furnished its members, it was done on a nonprofit basis and the tolls were forwarded to another company for long distance charges, nevertheless, this would be immaterial in this case, as the use of the word "or" in Section 63–105(15), I.C., is as a disjunctive that marks an alternative generally corresponding to "either." It renders that following the word "or" inapplicable to the subject matter of the clause preceding the conjunction. State ex rel. Normile v. Cooney, 100 Mont. 391, 47 P.2d. 637.

■ Where two terms are used conjunctively in the same sentence of a statute, separate effect should be given to the terms if it may be done in reasonable construction. McDaniel v. McDaniel, 292 Ky. 56, 165 S.W.2d 966.

■ "In construing a statute, words and phrases are to be assumed to have been used in their popular sense, if they have not acquired a technical meaning." Meader v. Unemployment Comp. Div., 64 Idaho 716, at page 721, 136 P.2d 984, at page 986.

See also 23 Cal.Jur. 758–760, #133.

■ "It is incumbent upon this court to give a statute an interpretation which will not nullify it if such construction is reasonable or possible. (Cases.)" Intermountain Title Guar. Co. v. Egbert, 52 Idaho 402, at page 410, 16 P.2d 390, at page 393.

■ "In other words, the term 'or' should ordinarily be given its normal disjunctive meaning unless such a construction renders the provision in question repugnant to other provisions of the statute, or unless it would involve an absurdity, or produce an unreasonable result." 82 C.J.S., Statutes, § 335, p. 675.

262

The determination and the wisdom of such statutes and policy rest with the legislative department and not with the judicial.

It is our opinion that plaintiff is a cooperative telephone line from which no profit is derived and plaintiff is exempt from taxation under Section 63–105(15), Idaho Code.

The assessment made by defendant against plaintiff is null and void and is hereby set aside and cancelled. No costs allowed.

PORTER and SMITH, JJ., concur.

TAYLOR, Chief Justice, with whom KEETON, Justice, concurs (dissenting).

The sole issue here is the interpretation to be given subsection 15 of section 63–105 I.C. Hence, the references in the majority opinion to sections in Title 61 of the Code, which provides for "Public Utility Regulation", have nothing to do with the question before us. To be specific, § 61–120 I.C. defines "The term 'telephone line' when used in this act * * *." This clearly indicates that the legislature was defining the term for the purposes of that act only. The act referred to was and is chapter 61, S.L.1913, providing for the regulation of public utilities. Likewise § 61–104 I.C., defining "The term 'corporation' when used in this act * * *", was a part of chapter 61, S.L.1913, and that was and is the act referred to by the phrase "when used in this act". The legislature was defining corporations which it was subjecting to control by the public utility commission. Nothing in that act had to do with taxation or exemption from taxation, and the legislature specifically limited its terms by the phrase "when used in this act". What is now § 61–104 I.C. was amended in 1917 to exclude municipal and certain nonprofit corporations. Chapter 128, S.L.1917, p. 431. The evident purpose was to remove the named corporations or associations from the control or jurisdiction of the public utilities commission. Again the legislature did not concern itself with taxation.

Section 63–105(15) I.C., providing the exemption herein claimed, was a part of chapter 58, S.L.1913. The act dealt entirely with taxation, exemptions, and related matters, not with "Public Utility Regulation". Hence, the question, as to whether or not the plaintiff is a public utility, is immaterial, and provisions of the law having to do with public utilities cannot in any way affect its liability to taxation.

It is conceded that the plaintiff charges and collects fees and tolls for its services. The majority holds the word "or" in subsection 15 to be a disjunctive, and therefore the two clauses operate independently of each other, and, it being established that plaintiff is a nonprofit company, it is entitled to the exemption regardless of fees and tolls. In my view this construction is erroneous. In effect it eliminates from

that subsection all that follows the word "derived." In other words, that construction strikes from that subsection the words "or upon or over which no fees or tolls are charged or collected." Most assuredly, if no fees or tolls are charged or collected, no profit is derived. So, if the legislature intended that construction, it need only have placed a period after the word "derived." The reverse, however, is not true, because a cooperative might collect fees or tolls and yet not derive a profit. Therefore, if the purpose of the legislature was to limit the exemption to nonprofit corporations, which do not collect fees or tolls, it was necessary to add the words which follow the word "derived." We are not at liberty to assume that the legislature had no purpose in using these words and that they may be wholly disregarded. On the contrary, the court must assume that the legislature had a purpose in using the language it did. "A statute must be construed so as to give force and effect to its terms if possible." State v. Jones, 34 Idaho 83, 199 P. 645. Applying this principle, we do not need to distort the grammatical significance of the word "'or". It is not always used as a disjunctive. In Funk & Wagnalls New Standard Dictionary the second definition given is:

"2. Also (by another name or word); alias: introducing a name or phrase; regarded as the equivalent of another specified name or phrase; as, a violin *or* fiddle."

So used in subsection 15, it would have a conjunctive meaning, and the effect would be that the cooperative, in addition to being one in which no profit is derived, must also be one over which no fees or tolls are charged or collected. This is, I think, the sense in which the legislature used the word. Only by so construing it, can we give effect to the second clause.

The rule is universally accepted that statutes, creating exemptions from a general tax, must be strictly construed. Andrews v. North Side Canal Co., 52 Idaho 117, 12 P.2d 263; City of Idaho Falls v. Pfost, 53 Idaho 247, 23 P.2d 245; Lewiston Orchards Irr. Dist. v. Gilmore, 53 Idaho 377, 23 P.2d 720; 84 C.J.S., Taxation, § 227.

"Exemptions are never presumed. The burden is on a claimant to establish clearly a right to exemption. An alleged grant of exemption will be strictly construed. It must be in terms so specific and certain as to leave no room for doubt. Bistline v. Bassett, 47 Idaho 66, 272 P. 696, 697, 62 A.L.R. 323.

"A statute granting tax exemption to certain institutions under prescribed conditions is to be strictly construed and cannot be extended by judicial construction so as to create an exemption not specifically authorized. Malad Second Ward of the Church of Jesus Christ of Latter-Day Saints v. State Tax Comm., 75 Idaho 162, 165 269

264

P.2d 1077, 1079. (Other rulings by this court to the same effect are there collected.)

"An exemption from taxation must be clearly defined and founded upon plain language, without doubt or ambiguity. Whenever doubt arises it is to be resolved against the exemption. These principles have been variously expressed. Thus, it is asserted that a claim to a tax exemption must be in terms too plain to be mistaken; that it must be founded upon language which cannot be otherwise reasonably construed, · * * *." 51 Am.Jur., Taxation, § 524, at page 527.

Applying this rule of strict construction, granting there is an uncertainty as to the sense in which the word "or" is used in the statute, it being susceptible of two meanings, we must not only give it such construction as will give effect to all the language used by the legislature, but we must also give it the meaning which will deny the exemption and hold the property subject to the tax. Strictly speaking, we cannot, from the context, say that the legislature used the word "or" in a disjunctive sense, because to complete and make definite and certain the disjunctive intention, the word "or" should have been preceded by the word "either." So, we are justified in saying that if the legislature had intended to express definitely a disjunctive relationship it would have written the subsection as follows:

"15. Cooperative telephone lines *either* from which no profit is derived *or* upon or over which no fees or tolls are charged or collected.

"—disjunctive conjunction (Gram.), one of the class of coordinate conjunctions that unite principal or independent sentences or clauses one of which excludes the other, as *either* * * * *or, neither* * * * *nor, else, otherwise,* etc.—" Funk & Wagnalls New Standard Dictionary.

Moreover, while it is recognized that the legislature has plenary power to grant exemptions, the exercise of that power runs counter to the constitutional requirement of uniformity. Exemptions generally destroy uniformity. That is the reason why the courts must, and do, refuse to recognize any claimed exemption which is not clearly, explicitly, and in unequivocal terms, expressed by the legislature. Hence, the constitutional command that taxes shall be uniform must be weighed in the balance against the construction sought to be given the subsection here involved.

It is obvious the exemption claimed would place an unequal burden of taxation upon telephone subscribers. Users of telephones belonging to companies not thus favored, are required to pay an indirect tax for the service they receive, while the 800 subscribers in plaintiff's organization would obtain that service without tax. Thus they enjoy a hidden profit.

This is not a case of a few neighbors in an isolated area, cooperating to build, install and operate telephone lines connecting their homes, which can and is being done entirely on a voluntary basis without fixed charges. Here is an organization with 800 subscribers with much valuable property which they own and enjoy the use of without taxation. They collect regular charges and employ and pay a number of employees. The situation is the same as if the stock of any other telephone company operating in the state, were all in the hands of the subscribers and no dividends were paid or profits derived. In plaintiff's view such companies would then be exempt from taxation.

The writ should be quashed and the proceedings dismissed.