951 P.2d 528

STATE of Idaho, Plaintiff–Respondent,

v.

Emiliano Tino RIVERA, Defendant– Appellant.

No. 23371.

Court of Appeals of Idaho.

Jan. 6, 1998.

Alan E. Trimming, Ada County Public Defender, John C. DeFranco, Deputy Public Defender, Boise, for defendant-appellant.

Alan G. Lance, Attorney General, Margaret R. Hughes, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

Emiliano Tino Rivera appeals from his judgment of conviction for the unlawful exercise of the functions of a peace officer. I.C. § 18–711. We affirm.

I.

FACTS AND PROCEDURE

According to the evidence elicited at trial, a fight broke out on January 16, 1996. A

group of young men attacked another young man and beat him severely. The victim's girlfriend came to his aid after the group ended its attack. Rivera was in a nearby house when he saw what had been happening. Rivera approached the victim's girlfriend, flashed a badge from the Ada County Sheriff's Department and indicated he would handle the situation.[1] Rivera then crossed the street with his cousin, Casey Spiegel,[2] and they both got into Rivera's vehicle.

About this time, a police officer arrived at the scene. As he approached in his patrol car, he saw the victim's girlfriend waving frantically toward Rivera's vehicle, so the officer pursued the vehicle. The officer turned on his lights and Rivera's vehicle accelerated, turned down an alley and continued accelerating. Eventually, Rivera's vehicle came to a skidding stop and hit a chain link fence. Rivera and Spiegel jumped out of the vehicle and began to run away, but came back after the officer yelled at them to stop. After receiving further information regarding the events which had taken place, the officer inquired of Rivera whether he had a badge. Rivera produced a badge from the Ada County Sheriff's Department.

Rivera was charged with five crimes: unlawful exercise of the functions of a police officer, reckless driving, driving without obtaining a driver's license, fictitious display of a registration card or license plate and illegal consumption of alcohol. The prosecutor dismissed the last three charges before trial.

A jury trial was held on August 6 and 7, 1996. The jury found Rivera guilty of the unlawful exercise of the functions of a police officer, but acquitted him of the reckless driving charge. At a sentencing hearing, the district court imposed a two-year sentence, with six months fixed. The district court further ordered Rivera to pay a $1,000 fine. Rivera appeals.

1. According to Rivera's testimony at trial, he was just joking around. However, in pronouncing sentence, the district court indicated that, contrary to Rivera's claim, the district court believed that Rivera was attempting to help Casey Spiegel escape from the scene of the crime.

## II.

## ANALYSIS

Rivera submits two issues on appeal. Rivera claims that the district court erred when it admitted into evidence a photograph depicting injuries to the victim of the battery. Rivera also claims that the prosecution failed to establish all of the elements of Rivera's charge under I.C. § 18–711, and therefore, failed to prove Rivera violated the statute.

### A. Photograph

At trial, the prosecution moved to admit a photograph depicting the battered face of the young man who was beaten. Rivera's counsel objected arguing that the photograph was unfairly prejudicial. The district court overruled the objection and allowed the admission of the photograph.

Idaho Rule of Evidence 403 reads, in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." A district court's determination that the probative value of the evidence is not outweighed by its unfair prejudice is reviewed under an abuse of discretion standard. *State v. Matthews*, 124 Idaho 806, 809, 864 P.2d 644, 647 (Ct.App.1993). Under that standard, we inquire: (1) whether the district court perceived the issue as one of discretion; (2) whether the district court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the district court reached its discretion by an exercise of reason. *Id.*

In the instant case, Rivera concedes in his appellate brief that the photograph was relevant evidence, stating "the photo has evidentiary value because it tends to make Rivera's actions, flashing the badge, understandable." Rivera further concedes in his brief:

The State's responsibility is to show [Rivera's] intent was to hold himself out as

2. Spiegel was eventually arrested for the battery of the young man.

a police officer. The occurrence of the battery coupled with Rivera's actions may help explain his intent. The existence of the exciting event, a battery, makes it more likely his intent.was to convince [the victim's girlfriend] he really was an officer. Also his statement to [the girlfriend] "I'll take care of everything" may show he intended to exercise an officer's functions.... The contention bubbles forth from the form of the State's evidence to prove the battery.

Thus, Rivera concedes that the evidence was relevant to explain the circumstances surrounding his decision to present the badge. However, Rivera contends that the prejudicial effect of the photograph substantially outweighed its probative value because it was offered to link Rivera to the battery and incite juror hostility toward Rivera. We disagree.

Rivera was not charged with the battery of the young man. Further, the prosecution did not suggest that Rivera took part in the battery. There is no support in the record for Rivera's contention that the jury's motivation for finding Rivera guilty was retribution for the battery. It would be speculative to conclude that the jury assumed Rivera battered the young man and was somehow biased because of its assumption. Therefore, we conclude that Rivera has failed to show that the district court abused its discretion by admitting the photograph into evidence.

### B. Elements of I.C. § 18–711

■ Rivera requests that we review the elements of I.C. § 18–711. Statutory interpretation is a question of law over which we exercise free review. *State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App. 1995). Generally, "[w]ords and phrases are construed *according to the context and the* approved usage of the language...." I.C. § 73–113. We are required to give effect to every word and clause of a statute. *Martinez*, 126 Idaho at 803, 891 P.2d at 1063. However, it is a well-established rule that an ambiguous criminal statute must be construed in favor of the accused. *Id.*

Rivera contends that in order to violate I.C. § 18–711 a defendant must not only

unlawfully exercise the functions of a police officer, but must also bring an armed police force into the state. Idaho Code Section 18–711 provides, in part:

1. Any person who shall in this state unlawfully exercise or attempt to exercise the functions of, or hold himself out to anyone as, a deputy sheriff, marshal, policeman, constable or peace officer, *or any person,* whether acting in his own behalf or an officer of the law, or as the authorized or unauthorized agent or representative of another, or of any association, corporation or company, *who shall bring or cause to be brought,* or aid in bringing into this state any armed or unarmed police force or detective agency or force, or any armed or unarmed body of men for the suppression of domestic violence, shall be guilty of a felony ....

(emphasis added). Rivera contends that any person who "unlawfully exercise[s] ... the functions of ... [a] peace officer" must also "bring or cause to be brought ... any armed or unarmed police force" to be "guilty of a felony...." We.disagree.

■ The word "or" is defined as "a function word to indicate (1) an alternative between different or unlike things, states, or actions ...; (2) [a] choice between alternative things, states, or courses...." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993). Further, the Idaho Supreme Court has concluded that the word "or" should be given its normal disjunctive meaning, unless that meaning would result in absurdity or produce an unreasonable result. *Filer Mutual Telephone Co. v. Idaho State Tax Commission*, 76 Idaho 256, 261, 281 P.2d 478, 481 (1955).

■ The statute here is unambiguous when the word "or" is given its disjunctive meaning. The statute can.be violated by "any person who shall ... unlawfully exercise or attempt to exercise the functions of ... a policeman, ... **or** any person ... who shall bring or cause to be brought ... into this state any armed or unarmed police force...." I.C. § 18–711 (emphasis added). The bolded "or" separates the two primary manners in which this statute can be violated. Under the first part, a person can violate the statute by exercising or attempting to exercise the functions of or holding himself

or herself out to anyone as one of the delineated law officials. Under the second part, the statute is violated when a person, acting on his or her own behalf, or as an officer, or as an agent for another or a company, brings or aids in bringing an armed or unarmed police force or body of men into the state.

The district court was correct when it concluded that bringing police forces into the state is not a necessary element of Rivera's charge under I.C. § 18–711. We conclude that the district court did not err when it concluded that the statute is violated when a defendant unlawfully exercises or attempts to exercise the functions of a police officer.

## III.

## CONCLUSION

We hold that the district court did not abuse its discretion when it admitted into evidence the photograph of the victim of the underlying battery. Further, the district court did not err when it concluded I.C. § 18–711 is violated when a defendant unlawfully exercises the functions of a police officer. Therefore, we affirm Rivera's judgment of conviction.

LANSING, C.J., and SCHWARTZMAN, J., concur.