52 P.3d 878

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kalina J. SWADER, Defendant–Appellant.**

No. 26440.

Court of Appeals of Idaho.

March 25, 2002.

Rehearing Denied March 25, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

## SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED JANUARY 22, 2002, IS HEREBY WITHDRAWN

Kalina J. Swader appeals the judgments of conviction and sentences entered after a jury found her guilty of one count of manufacturing marijuana, I.C. § 37–2732(a)(1)(B); one count of manufacturing marijuana where children are present, I.C. § 37–2737A; one count of trafficking by attempted manufacture of methamphetamine or amphetamine, I.C. § 37–2732B(a)(3)(b); one count of possession of methamphetamine, I.C. § 37–2732(c)(1); and one count of trafficking in the immediate precursors of methamphetamine or amphetamine, I.C. § 37–2732B(a)(5). We affirm in part, vacate in part, and remand.

## I.

## BACKGROUND

On December 1, 1999, the police executed a search warrant at a residence where Swader and her boyfriend were renting a room. During the search, police discovered chemicals and equipment used in the manufacture of methamphetamine. The police also found baggies containing methamphetamine, marijuana plants, and other drug paraphernalia.

Swader was charged with manufacturing marijuana, manufacturing marijuana where children are present, trafficking in the immediate precursors of methamphetamine, possession of methamphetamine, and trafficking by attempted manufacture of methamphetamine or amphetamine. Following a four-day trial, a jury found Swader guilty of all counts. The district court thereafter entered judgments of conviction and sentenced Swader to concurrent unified sentences of five years, with two years fixed, for manufacturing marijuana; five years, with three years fixed, for manufacturing marijuana where children are present; fifteen years, with two years fixed, for trafficking by attempted manufacture of methamphetamine or amphetamine; seven years, with three years fixed, for possessing methamphetamine; and seventeen years, with ten years fixed, for trafficking in the immediate precursors of methamphetamine or amphetamine.

Swader now appeals, claiming that: (1) her judgments of conviction for manufacturing marijuana and manufacturing marijuana where children are present violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 13 of the Idaho Constitution; (2) the evidence was insufficient to support the jury's finding that she was guilty of attempted manufacture of methamphetamine; (3) the evidence was insufficient to support the jury's finding that she was guilty of trafficking in the precursors of methamphetamine or amphetamine; and (4) the district court

abused its discretion in imposing her sentences.

## II.

## ANALYSIS

### A. Double Jeopardy

Swader first argues that the Double Jeopardy Clauses of the United States and Idaho Constitutions prohibit the state from trying her on charges of manufacturing marijuana and manufacturing marijuana where children are present when both charges arise out of the same incident. Although trial counsel for Swader did not object below to the charging document, review is proper upon a determination of fundamental error. *See State v. Ayala*, 129 Idaho 911, 919, 935 P.2d 174, 182 (Ct.App.1996). In *Ayala*, this Court addressed Ayala's double jeopardy claims on appeal, even though his attorney had failed to raise them below. Accordingly, we will consider Swader's double jeopardy claims.

We first note that Swader does not contend that the Double Jeopardy Clause of the Idaho Constitution provides any broader protection than that of the United States Constitution. Therefore, we will analyze her claims under the Double Jeopardy provisions of the United States Constitution. *See id.*

■ The Double Jeopardy Clause protects an individual from being subjected to the hazards of trial and possible conviction more than once for the same alleged offense. *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983). The Clause protects not only against a second trial for the same offense, but also against multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715, 721 (1980). In this case, Swader does not assert that she was tried twice for the same offense, but rather that she received multiple *punishments for the single offense* of manufacturing marijuana. The question of whether punishments imposed by a court following a defendant's conviction upon criminal charges are *unconstitutionally multiple* cannot be resolved without determining what punishments the legislative branch has au-

thorized. *Id.* The dispositive question in such cases is whether the legislature authorized cumulative punishments for a single criminal offense. *Id.* at 688–89, 100 S.Ct. at 1435–36, 63 L.Ed.2d 721–22.

■ The United States Supreme Court held that if the legislature clearly indicates its intent to twice punish the same criminal conduct through two statutes, the Double Jeopardy Clause does not preclude the imposition, in a single trial, of cumulative punishments pursuant to those statutes. *See Hunter*, at 367–68, 103 S.Ct. at 678–79, 74 L.Ed.2d at 542–44. The Court stated that with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Id.* at 366, 103 S.Ct. at 678, 74 L.Ed.2d at 542.

The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in *the absence of a clear indication of contrary legislative intent.*

*Whalen*, 445 U.S. at 691–92, 100 S.Ct. at 1437–38, 63 L.Ed.2d at 723–24 (emphasis added).

In this case, I.C. § 37–2732(a)(1)(B) prohibits the manufacture of marijuana and states:

(a) Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to

. . . .

(B) any other controlled substance which is a nonnarcotic drug classified in schedule I, or a controlled substance classified in schedule III, is guilty of a felony and upon conviction may be imprisoned for not more than five (5) years, fined not more than fifteen thousand dollars ($15,000), or both;

Idaho Code Section 37–2737A prohibits the manufacture of marijuana where children are present and states, in pertinent part:

(1) Except as authorized in this chapter, it is unlawful for any person to manufacture or deliver, or possess with the intent to manufacture or deliver, a controlled substance as defined in schedules I, II, III and IV in this chapter, upon the same premises where a child under the age of eighteen (18) years is present.

. . .

(3) A person who violates the provisions of this section shall be guilty of a felony and upon conviction may be imprisoned for a term not to exceed five (5) years, fined not more than five thousand dollars ($5,000), or be both so imprisoned and fined. Any fine imposed under the provisions of this section shall be in addition to the fine imposed for any other offense, and *any term of imprisonment shall be consecutive to any term imposed for any other offense, regardless of whether the violation of the provisions of this section and any of the other offenses have arisen from the same act or transaction.*

(Emphasis added.).

■ In this case, both charges arose out of evidence discovered during the execution of one search warrant. With regard to these two offenses, the Idaho legislature has made it clear that both statutes are intended to punish conduct that arises out of the same act or transaction. In light of the Supreme Court's holding in *Hunter*, we conclude that Swader's judgments of conviction for manufacturing marijuana and manufacturing marijuana where children are present do not violate the Double Jeopardy Clause of the United States Constitution.

**B. Sufficiency of Evidence—Trafficking by Attempted Manufacture**

Swader next asserts that the evidence was insufficient to support the jury's verdict finding her guilty of trafficking by attempted manufacture. Swader contends that the state never demonstrated that she went beyond mere preparation in the attempt to manufacture methamphetamine.

■ Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

■ A person is guilty of trafficking by attempted manufacture of methamphetamine when that person knowingly attempts to manufacture methamphetamine. I.C. 37–2732B(a)(3). "Manufacture" means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance. I.C. 37–2701(r). An attempt to commit a crime occurs when a defendant attempts to commit the crime, but fails or is prevented from committing the crime. I.C. 18–306. Attempt consists of the intent to do an act which would in law amount to a crime and an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation. *State v. Fabeny,* 132 Idaho 917, 923, 980 P.2d 581, 587 (Ct. App.1999). Thus, the state was required to prove that Swader intended to produce, prepare, propagate, compound, convert or process methamphetamine and acted in furtherance of that intent.

■ During the course of the trial, one of the officers testified that pseudoephedrine is a man-made chemical used as a precursor in the manufacture of methamphetamine. The officer testified that when it is in tablet form, the pseudoephedrine must be separated from

the binding material that holds the tablet together. This separation can be accomplished in two ways, one of which involves adding lithium metal and anhydrous ammonia to the tablets. The officer testified that the production of methamphetamine begins at the point those items are added to the pseudoephedrine.

The state presented evidence that police discovered several hundred tablets containing pseudoephedrine under Swader's bed. Evidence was also produced showing that police seized various chemicals and equipment commonly used in the manufacture of methamphetamine (including lithium batteries and anhydrous ammonia) from Swader's bedroom. The officer stated that he found a one-gallon jar containing a white residue in Swader's bathroom. The officer testified that, based on his experience investigating methamphetamine labs, this one-gallon jar indicated that Swader had begun the process of separating the pseudoephedrine from the binding material contained in the tablets. Lab reports presented by the state confirmed that the material in the jar contained pseudoephedrine.

Swader's housemate testified that Swader mentioned in conversations that she had traded purified ephedrine for methamphetamine. The housemate had seen the jar in Swader's closet, and he testified that Swader's boyfriend, who was renting the bedroom with Swader, told him the jar was used for separating pseudoephedrine from the binding materials. The housemate also stated that Swader had told him not to use a new Teflon skillet she had purchased because she intended to use the skillet in the final step of the manufacturing process.

Reviewing all the evidence presented at trial, and considering it in a light most favorable to the state, we hold that substantial evidence was presented upon which a reasonable trier of fact could have found beyond a reasonable doubt that Swader was attempting to produce, prepare, propagate, compound, convert, or process methamphetamine.

## C. Sufficiency of Evidence—Trafficking in Precursors

Swader also argues that the evidence was insufficient to find her guilty of trafficking in the precursors of methamphetamine or amphetamine, in violation of I.C. § 37–2732B(a)(5) because the evidence regarding the weight of pseudoephedrine in her possession included the binding material that made up part of the tablets. Swader also argues that even if the statute does not explicitly require that the binding material of the tablets be subtracted from the weight figures, this Court should interpret the statute to require such. The state responds that the language of the statute only requires a defendant to possess 500 grams or more of the "compound, mixture or preparation" containing a detectable quantity of pseudoephedrine.

It is a basic rule of statutory construction that, unless the result is palpably absurd, we must assume that the legislature meant what is clearly stated in the statute. *State v. Ayala,* 129 Idaho 911, 917, 935 P.2d 174, 180 (Ct.App.1996). When analyzing the language and application of a statute, the words must be given their plain, usual and ordinary meaning. *Id.* Where the language of the statute is unambiguous, we must give effect to the clearly expressed intent of the legislature. *Id.* We are required to give effect to every word and clause of a statute. *State v. Rivera,* 131 Idaho 8, 10, 951 P.2d 528, 530 (Ct.App.1998). However, it is a well-established rule that an ambiguous criminal statute must be construed in favor of the accused. *Id.*

The statute in question, I.C. § 37–2732B(a)(5) provides:

(5) Any person who knowingly manufactures, delivers, brings into this state, or who is knowingly in actual or constructive possession of the below-specified quantities of any of the following immediate precursors to methamphetamine or amphetamine (namely ephedrine, methylamine, methyl formamide, phenylacetic acid, phenylacetone, or pseudoephedrine) as defined in section 37–2707(g)(1), Idaho Code, or any compound, mixture or preparation which contains a detectable quantity of these substances, is guilty of a felony which shall be

known as "trafficking in immediate precursors of methamphetamine or amphetamine." If the quantity:

> (A) of ephedrine is five hundred (500) grams or more;

> (B) of methylamine is one-half (½) pint or more;

> (C) of methyl formamide is one-quarter (¼) pint or more;

> (D) of phenylacetic acid is five hundred (500) grams or more;

> (E) of phenylacetone is four hundred (400) grams or more;

> (F) of pseudoephedrine is five hundred (500) grams or more;

such person shall be sentenced to a mandatory minimum fixed term of imprisonment of ten (10) years and fined not less than twenty-five thousand dollars ($25,-000). The maximum number of years of imprisonment for trafficking in immediate precursors of methamphetamine or amphetamine shall be life, and the maximum fine shall be one hundred thousand dollars ($100,000).

▮▮▮ This statute is unambiguous in its prohibition against possessing specified quantities of any precursor by itself (including pseudoephedrine), or any compound, mixture, or preparation, which contains a detectable quantity of a precursor. Swader urges us to focus on subsection (a)(5)(F), requiring that the quantity of pseudoephedrine be 500 grams or more. Swader argues that if the legislature intended to punish people for possessing 500 grams or more of a compound, mixture or preparation, then the subsection would state that the quantity of "pseudoephedrine or compound" be 500 grams or more. Swader's proposed interpretation would require us to focus on certain words of the section, while ignoring others. The rules of statutory interpretation do not permit us to engage in such a selective examination.

Giving effect to each word of the section reveals that the language, "of the below-specified quantities" modifies both "any of

the following precursors," and "any compound, mixture or preparation." Moreover, the section unambiguously states that any person who is in possession of a compound, mixture or preparation, which contains "a detectable quantity" of an immediate precursor, is guilty of a felony if the quantity reaches a certain threshold. Interpreting the statute to require that the compound contain 500 or more grams of pseudoephedrine would nullify the language requiring that the compound only contain *a detectable quantity* of pseudoephedrine. We conclude that in specifying that the quantity of pseudoephedrine be 500 grams or more, the statute is referring to the amount of pseudoephedrine in its pure form, or the amount of any compound, mixture, or preparation.[1]

Counsel for Swader conceded at oral argument that the statute can be read to support the state's position on this issue. Swader, however, now invites this Court to adopt a "marketable approach" in determining whether a person has violated the statute. Under such an approach, a person would only be charged with possessing that portion of the mixture that is marketable and exclude nonmarketable portions of the mixture such as dilutants, cutting agents, or carrier mediums. However, the language adopted by the Idaho legislature in I.C. § 37–2732B(a)(5) does not limit what may or may not be considered a compound, mixture, or preparation. Accordingly, we decline the invitation to graft such a limitation onto the plain wording of the statute.

In this case, the state presented evidence that Swader was in possession of over 500 grams of tablets containing a detectible quantity of pseudoephedrine. We hold that this evidence substantially supports the jury's finding that Swader was guilty of trafficking in the immediate precursors of methamphetamine.

### D. Sentence Review

Swader last argues that the trial court abused its discretion in sentencing. Her ag-

---

1. We acknowledge, and the state concedes, that in order for a defendant to be subject to the mandatory minimum term of imprisonment of ten years, the defendant must be in possession of 500 grams or more of pseudoephedrine in its pure form. We will address Swader's challenge to her sentence in Section D, the sentence review section, of this opinion.

gregate sentences amount to a unified sentence of seventeen years, with ten years fixed.

■■■■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett,* 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Absent a showing of a clear abuse of discretion, a sentence within statutory limits will not be disturbed on appeal. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *Id.* at 600, 768 P.2d at 1333.

### 1. Trafficking in Precursors

■■■ During oral argument, counsel for the state conceded that a defendant is subject to the ten-year mandatory minimum set forth in I.C. § 37–2732B(a)(5) only when he or she is in possession of a compound, mixture or preparation containing 500 grams or more of pseudoephedrine. Upon a review of the sentencing transcript in this case, it is clear that the district court believed it was required by I.C. § 37–2732B(a)(5) to sentence Swader to a minimum fixed term of ten years for trafficking in the precursors of methamphetamine. The state concedes that the mandatory minimum sentence set forth in I.C. § 37–2732B(a)(5) was not applicable in this case. Therefore, we conclude that the district court was mistaken as to the boundaries of its discretion when it pronounced Swader's sentence. Accordingly, we vacate Swader's sentence of seventeen years, with ten years fixed, for trafficking in the precursors of methamphetamine and remand to the district court for resentencing on that charge. Swader remains subject to the maximum statutory penalty of life imprisonment and a $100,000 fine. *See* I.C. § 37–2732B(a)(5).

### 2. Remaining Sentences

Swader also challenges her sentences on the other four convictions, arguing the district court abused its discretion when it imposed them. Having reviewed the entire record and presentence report in this case, we conclude that the district court did not abuse its discretion in imposing the sentences on Swader's other convictions.

### III.

### CONCLUSION

We hold that Swader's judgments of conviction for manufacturing marijuana and manufacturing marijuana where children are present did not violate the Double Jeopardy Clauses of the United States and Idaho Constitutions. Her judgments of conviction and sentences for manufacturing marijuana, for manufacturing marijuana where children are present, for trafficking by attempted manufacture of methamphetamine, and for possession of methamphetamine are affirmed. We also hold that substantial evidence was presented for a jury to conclude that the state had met its burden of proving Swader guilty beyond a reasonable doubt of trafficking by attempted manufacture of methamphetamine and trafficking in the immediate precursors of methamphetamine. However, we hold that the district court did abuse its discretion when imposing Swader's sentence for trafficking in the precursors of methamphetamine. Swader's judgment of conviction for trafficking in the immediate precursors of methamphetamine is affirmed, but her sentence is vacated and remanded for further proceedings consistent with this opinion.

Judge LANSING and Judge Pro Tem SCHILLING, concur.